The Attorney General is in receipt of your request for an opinion. As a preface to your questions, you briefly outlined the following facts. A school district has determined that it is necessary to eliminate certain certified positions. The determination was made after April 10 and before July 1. The school district wants to reassign affected personnel to other available positions. Given the foregoing facts, you asked the following questions: "1. Does the District have to pay during the ensuing school year the salary for the position eliminated or the salary for the position to which the person has been assigned; and "2. If the answer to No. 1 is the salary for the position eliminated and if such salary is higher than the salary for the position assigned, does the District have to pay the salary increase mandated by the Legislature; and "3. If the answer to No. 2 is yes, does the District base the mandated increase on the salary for the eliminated position or the assigned position?" Regularly employed teachers of the State of Oklahoma who have not received written notice by registered or certified mail prior to April 10 of any school year that they will not be employed for the ensuing fiscal year are considered as employed on a continuing contract basis for the next school year "on the same salary schedule used for other teachers in the school district." 70 O.S. 6101 [70-6101](E) (1971). Oklahoma school law requires that teachers in public schools of the State of Oklahoma shall receive salary and/or fringe benefits in an amount not less than specifically provided by statute. 70 O.S. 18-114 [70-18-114] (1979). This compensation depends upon a variety of factors including years of experience and academic degrees obtained. Additionally, many school districts through the collective bargaining process or pursuant to unilateral action on the part of school boards have been accorded compensation and/or fringe benefits in excess of those required by state law. Should a teacher be reassigned to a new position for which compensation is not at the same level enjoyed by the teacher prior to the reassignment, the teacher must be compensated by salary and/or fringe benefits in an amount not less than that to which the teacher is entitled by operation of law, collective bargaining agreements or unilateral acts of the local school board. Presumptively, since the teacher reassigned would necessarily have to have been compensated at this minimum level prior to reassignment, reassignment to a new position cannot operate to reduce the teacher's compensation. Since no teacher may teach in the State of Oklahoma without a "written contract," barring certain limited exceptions, we must assume that the school district will be entering into contracts with the affected teachers to perform the new duties assigned to them by reason of the shifting of personnel. Should the new duties by law, collective bargaining agreement or unilateral act of the school board call for compensation at a level in excess of that received in the prior school year, the new contract will necessarily control. In answer to your first question, the reassigned personnel should receive the salary for their former position or the salary for the new position depending upon which is the greater. The former position defines the minimum below which compensation may not fall and the later would constitute a new contractual agreement to establish the higher compensation. In relation to your second and third questions, salary increases due teachers by reason of the enactment of new minimum salary standards by the Legislature would necessarily apply to which ever salary is properly payable to the teacher as above described. If the effected teacher is to continue to be compensated at the same level as dictated by the prior position held, the school district must provide, at the minimum, the salary increases required by law for a teacher of the same experience, grade and academic rank. Should teachers of the same experience level, grade and academic rank receive additional compensation by operation of collective bargaining or the unilateral act of the local board of education, the teacher is entitled to receive such salary increases and/or increases and benefits as are granted to other members of the teacher's class. Should the position to which the teacher has been assigned be at a higher level of compensation as controlled by contract, the teacher must receive increases in salary and/or benefits as afforded by law, collective bargaining agreement or unilateral act of the local board of education as may be dictated by the status of the teacher attained under the terms of a new contract. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The reassignment of teaching personnel to other duties in the school district cannot operate to reduce the level of compensation due the teacher by reason of his or her experience, grade or level of academic achievement as secured by law, collective bargaining agreement or unilateral action of the local board of education. Additionally, acquisition by reason of contractual agreement between a teacher and local board of education of a status which by operation of law, collective bargaining agreement or unilateral act of local board of education requires a higher level of compensation, entitles such teacher to that higher level of compensation. 2. Minimum salary increases mandated by law, collective bargaining agreement or unilateral act of the local board of education must be paid even where teaching personnel are reassigned to positions which do not justify as high a salary as they were previously receiving. 3. Legislatively mandated salary increases, salary increases arising by reason of collective bargaining agreements, or unilateral act of the local board of education must be provided and apportioned by the school district on the basis of the level of compensation the teacher is entitled to receive by operation of law, collective bargaining agreement, unilateral act of the local board of education or as required under the terms of their new contract. (JOHN F. PERCIVAL) (ksg)